■ In the Matter of WILLIAM CAVE et al., Respondents, v TERENCE ZALESKI, as Mayor of City of Yonkers, et al., Appellants. [655 NYS2d 590] —In a proceeding pursuant to CPLR article 78, to review three determinations of the Commissioner of Police, City of Yonkers, all dated March 17, 1995, and all effective March 20, 1995, which terminated the detective status of the petitioners William Cave, Joseph Merrigan, and Michael Novotny, the appeal is from a judgment of the Supreme Court,

Westchester County (Lange, J.), entered January 11, 1996, which granted the petition, annulled the determination, and ordered that the petitioners Cave, Merrigan, and Novotny be reinstated to the position of detective.

Ordered that the judgment is affirmed, with costs.

Prior to March 20, 1992, the petitioners William Cave, Joseph Merrigan, and Michael Novotny had all been designated detectives within the City of Yonkers Police Department. These designations were made at the discretion of prior police commissioners. These designations were not made as a result of the civil service process for appointment and promotion, as there are no civil service titles or positions, and no competitive examinations, for detectives within the City of Yonkers Police Department. By orders dated March 17, 1995, and effective March 20, 1995, the then-Commissioner of Police, Albert McEvoy, removed these petitioners' designations as detectives. These petitioners subsequently commenced the present proceeding, arguing, pursuant to Civil Service Law § 75 (1) (e), that because they each held the designation of detective for at least three continuous years, their detective designations could only be removed in the cases of incompetency or misconduct, shown after a hearing. It is the appellants' contention that because these three petitioners were designated as detectives at the discretion of the police commissioner and not as the result of a competitive examination within the civil service scheme, they were not entitled to the hearing rights afforded under Civil Service Law § 75 (1) (e).

The appellants' position is without merit. The language of Civil Service Law § 75 (1) (e) applies to all detectives, no matter how they arrived at their detective status. Furthermore, the legislative history behind the enactment of Civil Service Law § 75 (1) (e), relied upon by the petitioners, recognizes that subdivision (e) was enacted to grant hearing rights to all detectives, including those who are appointed at the discretion of a police commissioner, and not only those detectives appointed as a result of the civil service process (see, Sponsor's Mem in Support, Bill Jacket, L 1985, ch 842; Mem to the Governor from the Department of Civil Service, Bill Jacket, L 1985, ch 842; Mem in Opposition from the New York State Association of Counties, Bill Jacket, L 1985, ch 842).

The appellants' remaining contentions are without merit. Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.